No. 18,238.

PEOPLE OF THE STATE OF COLORADO, EX REL., ERNEST C.
BUNKER, ET AL. *v.* C. HARRY BLUNT, ET AL.

(309 P. [2d] 201)

Decided March 15, 1957.

Mr. JOHN H. GATELY, for complainants.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

IN this action plaintiffs, appearing by John H. Gately, their attorney, on March 11, 1957, filed with the clerk of this court an instrument denominated "Original Complaint for Remedial Writ."

It is alleged in this complaint that plaintiffs had obtained the signatures of 2,385 duly qualified electors of the city of Colorado Springs to a petition for a proposed amendment of the charter of that city; that the number of signatures, and the content of the petition, was sufficient under the law to require defendants to submit the

proposed amendment for acceptance or rejection by the voters at the regular city election of the city of Colorado Springs to be held April 2, 1957; that the defendants illegally rejected 1,429 names on said petition and have refused to submit the amendment for consideration by the voters at said election.

The prayer of said complaint is that this court "will assume original jurisdiction of this case to prevent a gross miscarriage of justice, * * * that this Court will declare that said Charter Amendment, Exhibit 'A,' has been duly and legally filed and that said City Council of the city of Colorado Springs may be required by the order of this Court to submit it to a vote by the qualified electors on April 2, 1957 * * *." It was further prayed that this Court "assess against said defendants, and each of them, such damages as to the Court shall seem meet and just."

As of this moment no service or process of any kind has been made upon the defendants.

The prayer of the complaint is not in conformity with any rule of this court to which our attention has been directed; however, our usual practice in such matters, followed in those instances in which this court accepts original jurisdiction, is to issue a rule to show cause directed to the respondents named in the complaint requiring them to show cause within a fixed time, which heretofore has never been less than five days, why the relief prayed for in the complaint should not be granted.

At the time said complaint was filed no brief was presented in support of the position of counsel for plaintiffs. On March 13, 1957, counsel filed a six page typewritten instrument containing a brief, and admittedly hastily prepared, "Statement of the Case." On page 3 thereof we find the following:

"As a practical matter, the Court is aware, that under the Statute, publication of the proposed Charter Amendment is required beginning March 18 for the election April 2, 1957. It is therefore imperative that a decision

be handed down by this Court prior to that date so that said proposed Amendment may be legally placed upon the ballot for the election of April 2."

The matter was considered at a conference of this court held on Thursday morning, March 14, 1957. We considered the complaint as a petition for the issuance of a rule to show cause. Notice to the respondents and reasonable opportunity for them to be heard in this court is an absolute requirement of due process of law. Under no circumstances could this court act upon this petition without reasonable opportunity for the defendants to respond to the allegations of the complaint and to be heard thereon.

Accepting at face value the statement of counsel that final determination must be made prior to March 18, it is obvious to any fair-minded person that the issue could not conceivably be determined within that period of time. Under these circumstances this court declines to accept original jurisdiction in this cause. Those who advocate the adoption of charter amendments cannot delay the filing of their petitions until the last moment, and as a matter of right require this court to pass ill-considered judgment on hastily prepared and inadequate briefs of counsel on important questions affecting the right of franchise. We see no grave emergency under the circumstances here disclosed. Those who advocate adoption of charter amendments must anticipate that a contest may be made. The law makes ample provision for the lodging of such petitions in ample time to permit the courts to give well-considered judgment upon any issue which may arise in connection therewith. The handling of the proposed charter amendment in this case has been such that it is not possible for the defendants to be fully heard and this court to pass well-considered judgment in apt time.

We express no opinion on the merit of the controversy.. Accordingly the "Original Complaint for Remedial Writ" is dismissed.